# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No. 09-32386 |
| | | Chapter 11 Proceedings |
| Arts Dairy, LLC | * | Adv. Case No. 09-3080 |
| | | Honorable Richard L. Speer |
| Debtor | * | |
| | * | **PLAINTIFFS' RESPONSE TO** |
| | | **DEFENDANT'S MOTION TO DISMISS** |
| Robert McComber | | **WITH MEMORANDUM IN SUPPORT** |
| | * | |
| Plaintiff | | |
| vs. | * | |
| Arts Dairy LLC, et. al. | * | |
| Defendant | * | |
| * | * | * |

Now comes, Robert McComber, ("the Plaintiff") by and through counsel, and request this Court to deny Defendant, Agstar Financial Services ("AgStar") motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012. A memorandum in Support of this response is attached hereto and incorporated herein by reference.

**WHEREFORE,** the Plaintiff would pray that the Motion be denied and such other relief as is just and equitable.

Respectfully Submitted,

/s/Steven L. Diller
Steven L. Diller (0023320)
Attorney for Plaintiff
124 E. Main Street
Van Wert, Ohio 45891
(419) 238-5025
(419) 238-4705
diller@roadrunner.com

# MEMORANDUM

**STATEMENT OF RELEVANT FACTS AND ISSUE**

It is undisputed that the Plaintiff had a business relationship with the Debtor. This relationship was reduced to a writing that was attached as Exhibit A. Exhibit A is the only document between the parties. This document was drafted by a representative of the Debtor. The complaint of the Plaintiff seeks a declaratory judgment by this Court whether Exhibit A is an executory contract and the declaration of the validity, priority and extent of liens or other interest in the silage.

**STANDARD OF REVIEW**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must generally limit itself to the facts stated in the complaint and the documents attached to the complaint. *In re Sprint Corp. Securities Litigation*, 232 F.Supp.2d 1193 (D.Kan. 2002). The Court must consider the legal sufficiency of the complaint rather than the weight of the evidence which might be offered at a trial. *Abbasi v. Herzfeld & Pubin*, *P.C.*, 863 F.Supp. 144, 146 (SDNY 1994). In order to prevail on a motion to dismiss, the defendant must demonstrate beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Id*. In analyzing the case, the court must assume that all of the allegations contained in the complaint are true and draw all inferences in favor of the plaintiff. *Id*. Motions to dismiss are not favored and should be sustained sparingly and cautiously and then only where it appears to a certainty that no set of facts could be proven which would entitle plaintiff to any relief. *Pessin v. Keeneland Ass'n*, E.D. Ky 1968, 45 F.R.D. 10.

**ARGUMENT**

    a. **An adversary proceeding or motion.**

Plaintiff's complaints sets forth three causes of action. The relief requested under the first cause of action is for this Court to issue a declaratory judgment as to whether Exhibit A is executory. The Defendant asserts that the complaint should be dismissed as it should be brought as a motion under Bankruptcy Rule 9014. The Plaintiff would disagree.

The Plaintiff would agree that a proceeding to assume, reject or assign an executory contract or unexpired lease is governed by Bankruptcy Rule 9014.[1] However, Bankruptcy Rule 7001(9) states that a…"a proceeding to obtain a declaratory judgment relating to determine the validity, priority, or extent of lien or other interest in property" must be commenced as an adversary proceeding. If this Court determines that the contract is not executory in nature, then any proceeding to compel the acceptance or rejection of the contract would be resolved as well.

    b. **The contract is executory in nature.**

The Plaintiff does not disagree with the authority advanced by the Defendant and the reference to Professor Countryman as to whether Exhibit A is an executory contract with "performance remaining due to some extent on both sides." The Plaintiff also agrees that Exhibit A is silent on many points that could have resolved such issue one way or another. The Plaintiff is not aware of any other memorandum, exhibits or prior dealings of the parties or other extrinsic evidence available to assist the Court in determining the intent of the parties.

However, the Plaintiff would point out that Exhibit A was drafted and prepared by the Debtor. The interpretive doctrine of *contra proferentum* holds that any contractual ambiguities should be construed against the drafter, here the drafter being the Debtor. *McKay Machine Co. v. Rodman*, 11 Ohio St. 2d 77, 80, 40 O.O 2d 87, 89, 228 NE 2d 304, 307 (1967) When

---

[1] Bankruptcy Rule 6006(a)

interpreting a contract, the overriding aim is to give proper effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos,* 86 Ohio St. 3rd 270, 273, 714 N.E.2d 898 (1999) ("In construing the terms of any contract, the principal objective is to determine the intention of the parties.").

In the context of the Plaintiff's and Debtor's business relationship and their intent, Exhibit A relates to the use of approximately 300 acres of ground of the Plaintiff. There is no length or term set forth in this Exhibit A. It was executed on or about August 29, 2008. At that time, the corn was still growing on the 300 acres. Plaintiff agreed to convert and harvest the corn being grown on the premises to silage and deliver the same to the Debtor. The Debtor agreed to pay for the silage in installment payments based on a monthly scheduled amount. In addition, the Debtor was also allowed to spread manure on the 300 acres in exchange for payment premises.

The Debtor's case was filed on February 7, 2008. Admittedly at that time, all the silage had been delivered to the Debtor and all that remained was to pay for its use in the monthly installments. However, at the commencement of this case a reasonable interpretation of Exhibit A was that the Debtor was authorized to spread manure on the land of the Plaintiff in exchange for payment. If so, then the Plaintiff would assert that Exhibit A is executory in nature as "performance remains due to some extent on both sides." As such, Defendant's motion to dismiss on this point should be denied and the Court issue its decision as to whether the contract is either executory or not executory.

/s/Steven L. Diller
Steven L. Diller

4

09-03080-rls    Doc 11    FILED 07/17/09    ENTERED 07/17/09 15:55:37    Page 4 of 5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing Response to Defendant's Motion to Dismiss and Memorandum in Support was sent to the following parties by electronic mail on this 17th day of July 2009.

Nathan A. Hall, Esq.
Shumaker, Loop & Kendrick, LLP
1000 Jackson
Toledo, Ohio 43604-5573

Christopher B. Wick, Esq.
Hahn, Loeser & Parks, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114

                                                  /s/Steven L. Diller
                                                  Steven L. Diller