IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 09-32386 |
| ) | |
| ARTS DAIRY, LLC, ) | Chapter 11 Proceedings |
| ) | |
| Debtor. ) | Honorable Richard L. Speer |
| ) | |
| ) | |
| Robert McComber, ) | Adv. Case No. 09-3080 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Arts Dairy, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY OF DEFENDANT AGSTAR FINANCIAL SERVICES TO PLAINTIFF'S RESPONSE TO MOTION OF AGSTAR FINANCIAL SERVICES TO DISMISS THE COMPLAINT FOR DECLARATORY JUDGMENT AND TO ESTABLISH ADMINISTRATIVE CLAIM**

AgStar Financial Services, PCA and AgStar Financial Services, FLCA (collectively, "AgStar")[1], by and through their undersigned counsel, hereby respectfully submits this reply (the "Reply") to the Plaintiff's Response (the "Response") to the Motion[2]. As set forth in the Motion, Plaintiff's Complaint should be dismissed in its entirety because (i) Plaintiff has no security interest or other interest in the silage as set forth in the Motion and the Response noticeably fails to challenge the Motion in this regard; (ii) the clear terms of the Silage Agreement provide that upon delivery of the silage (which Plaintiff concedes is complete) payment is due from the

---

[1] As set forth in the Motion, Plaintiff's Complaint was filed against an entity titled "AgStar Financial Services," which does not exist. In fact, there are two AgStar Financial related companies involved in the Arts Dairy, LLC Bankruptcy Case: AgStar Financial Services, FLCA ("FLCA") and AgStar Financial Services, PCA ("PCA" and with FLCA, the "AgStar Entities"). FLCA and PCA each have properly perfected security interests in the vast majority of the Debtor's assets, including the silage at issue in this Adversary Proceeding. For purposes of this Motion, we are seeking to dismiss any and all claims against any AgStar-related entity.

CLE - 1240804.1

Debtor and Plaintiff's obligations under such contract are completed, as such the Response fails miserably to establish the Silage Agreement is executory; and (iii) the Response fails to challenge AgStar's contention in the Motion that Plaintiff's request for an administrative claim be denied; in fact, Plaintiff concedes that all silage was delivered months before the commencement of Debtor's chapter 11 bankruptcy proceeding (the "Case") (*see* Response, p. 4).[3] In further support of this Reply, AgStar states as follows:

**I.    Plaintiff has No Interest in Debtor's Silage and the First Cause of Action should be Dismissed.**

1.    Plaintiff concedes that he completed delivery of the silage to Debtor prior to the Petition Date. (Response, p. 4.)

2.    As set forth in the Motion, the Plaintiff has no interest in the silage because Plaintiff (a) did not have any interest in the silage after delivery to Debtor pursuant to Ohio Revised Code Section 1309.42(B); (b) did not reserve a security interest in the silage in the Silage Agreement; (c) did not perfect a security interest in the silage in accordance with Ohio Revised Code Section 1309.310; (d) did not perfect a purchase money security interest in the silage that could have prevented the silage from becoming part of AgStar's properly perfected blanket lien in Debtor's assets pursuant to Ohio Revised Code Section 1309.204; and (d) did not take the steps necessary under Ohio Revised Code Section 1311.56 to establish any Agricultural Product Lien in the silage.

3.    Plaintiff fails to challenge these legal arguments set forth in the Motion with respect to the First Cause of Action thereby conceding that Plaintiff did not take any steps necessary to reserve a security interest, Agricultural Product Lien or other interest in the silage.

---

[2] All capitalized terms not herein defined shall have the same meaning as set forth in the Motion of AgStar Financial Services to Dismiss the Complaint for Declaratory Judgment and to Establish Administrative Claim.

[3] AgStar notes that contrary to the Response, Debtor's petition date was April 14, 2009 not February 17, 2008 as stated by Plaintiff in the Response.

As such, AgStar's undisputed, properly perfected first priority blanket lien in Debtor's assets and specifically security interest in the silage is unaffected[4] and Plaintiff has no interest in the silage.

4. Plaintiff's lack of interest in the silage is clear based upon his failure to respond to AgStar's legal arguments related to the First Cause of Action in the Motion and the legal requirements Plaintiff was required to take and failed to take to retain an interest in such silage.

5. Accordingly, the First Cause of Action should be dismissed.

## II. The Silage Agreement is not Executory and the Second Cause of Action should be Dismissed.

6. Plaintiff's Second Cause of Action lacks merit based on Plaintiff's own admissions that it completed delivery of the silage prepetition (Response, p. 4) and the Silage Agreement attached to Plaintiff's Complaint.

7. Under the terms of the Silage Agreement, payment was due to Plaintiff from Debtor upon delivery of the silage payable on a monthly basis. Nothing else was required of Plaintiff for Plaintiff to be entitled to payment. Debtor's only obligation to Plaintiff was payment and Plaintiff had no further obligations to Debtor regarding corn silage.

8. As such, the Silage Agreement is not executory based upon the four corners of Plaintiff's Complaint.

9. Even if, the Court should find that the Silage Agreement and the manure application arrangements should constitute a single contract, and that Plaintiff owed Debtor additional performance under the combined arrangement related to manure application, Debtor's only duty to Plaintiff remains payment. As stated in the Motion, where a party's only remaining

---

[4] Pursuant to the terms of the various Interim Cash Collateral Orders entered in the Case, creditors and other parties-in-interest had sixty (60) days from the date of appointment of Official Committee of Unsecured Creditors, which occurred on April 24, 2009 to challenge AgStar's lien and security interests in Debtor's assets. As such, any such challenges had to be filed on or before June 23, 2009. (*See* Agreed Interim Order authorizing Limited Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy

duty of future performance is payment, a contract is not executory. *In re Structurlite Plastics Corp.,* 86 B.R. 922, 928 (Bankr. S.D. Ohio 1988) (citing *In re Placid Oil Co.*, 72 B.R. 135, 138 (Bankr. N.D. Tex. 1987)).

10. Plaintiff has not challenged this well established rule in the Response with any contradictory case law, statute or precedent.

11. Accordingly, Plaintiff has not established, under any interpretation of the Silage Agreement, that the Silage Agreement is executory; and, as such, this Court should dismiss the Second Cause of Action in Plaintiff's Complaint.

### III. Plaintiff is not Entitled to an Administrative Claim.

12. Plaintiff delivered silage by his own admission more than twenty (20) days before the Petition Date in the Case. (Response, p. 4.)

13. To be entitled to an administrative claim under 11 U.S.C. § 503(b)(9), Plaintiff must show that the goods were received by the debtor within 20 days prior to the commencement of the bankruptcy case. Plaintiff has admitted he cannot meet this requirement; and, therefore, Plaintiff has no legal basis for requesting an administrative claim.

14. Accordingly, Plaintiff's Third Cause of Action should be dismissed.

### IV. Conclusion.

15. Based on the foregoing, the Motion and the lack of challenge from Plaintiff in the Response to virtually all of AgStar's legal and factual bases for the Motion, AgStar respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice. Plaintiff is a general unsecured creditor of Debtor; Plaintiff should not be afforded the opportunity to bootstrap his general unsecured claim into anything more. Plaintiff has not established any basis

---

Code Sections 361 and 363 [Docket No. 20], as amended [Docket No. 29]) Other than the purported, limited challenge contained in this adversary proceeding, no such filings have been made.

4

CLE - 1240804.1

09-03080-rls    Doc 12    FILED 07/24/09    ENTERED 07/24/09 15:55:16    Page 4 of 6

to conclude that any of his arrangements with the Debtor constitute an executory contract that would provide Plaintiff administrative priority, to avoid his clear status in the Case.

WHEREFORE, AgStar respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and for such other and further relief to which AgStar is justly entitled.

July 24, 2009  
Cleveland, Ohio

Respectfully submitted,

*/s/ Nancy A. Valentine*  
Lee D. Powar (0033679)  
Nancy A. Valentine (0069503)  
Christopher B. Wick (0073126)  
Hahn Loeser & Parks LLP  
200 Public Square, Suite 2800  
Cleveland, OH 44114  
Telephone: (216) 621-0150  
Facsimile: (216) 241-2824  
E-mail: ldpowar@hahnlaw.com  
navalentine@hahnlaw.com  
cwick@hahnlaw.com

*AgStar Financial Services, FLCA and AgStar Financial Services, PCA*

## **CERTIFICATE OF SERVICE**

I certify that on July 24, 2009, copies of this *Reply* has been served upon each of the parties as follows by ECF:

Steven L. Diller, Esq.  
124 E. Main Street  
Van Wert, Ohio 45891  

*Plaintiff's Counsel*

Nathan A. Hall, Esq.  
Shumaker, Loop & Kendrick, LLP  
1000 Jackson  
Toledo, OH 43604-5573  

*Defendant's Counsel*

/s/ *Nancy A. Valentine*  
*One of the Attorneys for AgStar Financial Services,*  
*FLCA and AgStar Financial Services, PCA*